## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Christien D. Martin,

                Plaintiff,        Case No. 24-cv-10551

v.                        Judith E. Levy
                             United States District Judge

Gretchen Whitmer, *et al.*,

                           Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT [1] WITHOUT PREJUDICE, DENYING AS MOOT PLAINTIFF'S MOTION TO LIFT THE STAY FOR EARLY MEDIATION [36] AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [38], AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN <u>GOOD FAITH</u>

Plaintiff Christien D. Martin, a Michigan prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) The complaint was entered on the docket by the Clerk's Office on March 5, 2024. When he signed the complaint, Plaintiff was confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. (*Id.* at PageID.2.) The Court granted Plaintiff permission to proceed without prepayment of the filing fee for this case. *See* 28 U.S.C. § 1915(a)(1).

(ECF No. 8.)

Plaintiff's handwritten complaint is approximately seventy pages long. It concerns events at multiple prisons from 2014 to 2024. The complaint is vague and rambling, but Plaintiff appears to assert claims involving medical care; misconduct tickets; placement on toplock (confinement to quarters) and segregation; loss of privileges; retaliation; discrimination based on race, gender, and religion; the grievance procedure; assaults by fellow prisoners; stolen property; improper access/use of his personal information; his dietary needs/allergies; food contamination; harassment; unsanitary conditions; and the denial of parole.

Plaintiff names as Defendants Michigan Governor Gretchen Whitmer; the Michigan Department of Corrections (MDOC); MDOC Director Heidi Washington; Warden John Christiansen; Corrections Officer (CO) Russo; CO MacDonald; CO Bennett; Prison Counselor (PC) Watters; CO Sweet; CO Christiansen; CO Long; Lieutenant Lynch; CO Boleski; CO Moreno; CO Cane; CO Hoover; every CO "dating back to 2014[ ] to 2024 that has ever[ ] written [Plaintiff] a ticket" (ECF No. 1, PageID.3); every PC or Assistant Resident Unit Specialist that since

2

2014 "had possession of [Plaintiff's] prison file . . . at each Facility [he] attended having authority over the C[ ]O officer style of enforcement and behavior" (*id.*); "each Warden and Deputy Warden and staff at each facility [Plaintiff has] attended" (*id.*); "all grievance coordinators that has [sic] ever[ ] denied a grievance [Plaintiff has] written without proper investigations" (*id.*); "all sergeants and lieutenants" involved in Plaintiff's tickets (*id.* at PageID.4); "all Hearing Investigators that ha[d a] video Hearing or in person hearing on each ticket" (*id.*); "the correctional Facilities administration" (*id.*); "every inspector at every [MDOC] facility" (*id.*); "every security officer or any staff in charge of Head of security" (*id.*); "all classification officers at every facility [Plaintiff has] attended" (*id.* at PageID.5); "all SCC members at every facility [Plaintiff has] attended" (*id.*); "medical in a whole [sic] all physicians and nurses and the company over them at each facility [Plaintiff has] attended" (*id.*); the Legislative Corrections Ombudsman; "all Deputy Warden[ ]s [and all Assistant Deputy Wardens] at each facility [Plaintiff has] attended that was there at that time in the past ten years" (*id.* at PageID.7); "all Captain[ ]s at each facility [Plaintiff has] attended that was there at that time in the past ten years" (*id.*);

"all HUM at every facility in the [MDOC] Housing Unit Manager" (*id.*);
"all RUM [Resident Unit Managers] at every facility in the [MDOC] at
each facility" (*id.*); "all Housing Unit Administration Staff at every
[MDOC] facility" (*id.* at PageID.8); "every member in control of
surveillance at every [MDOC] facility" (*id.*); "every surveillance
company that installed cameras in or on every [MDOC] [sic]" (*id.*); the
Saginaw Correctional Facility "and all staff . . . at the time of plaintiff
housing there" (*id.*); the St. Louis Correctional Facility "and all staff
that works there now" (*id.*); the Michigan Parole Board; and Michigan
Parole Board members Timothy S. Flanagan and Adrianne K. Van
Langevelde.[1] Plaintiff sues Defendants in their official and individual
capacities. (*Id.* at PageID.2–9.) He seeks damages and other forms of
relief. (*Id.* at PageID.65–69.)

Plaintiff has submitted multiple statements, documents, and
exhibits. In addition, he filed a motion to lift the stay for early
mediation.[2] (ECF No. 36.) Plaintiff also filed a document titled

---

[1] To the extent there is a discrepancy between the way in which a Defendant
is identified in the complaint and how a Defendant is identified on the docket, this
Opinion and Order uses Defendants' names as they appear in the complaint.

[2] The Court notes that no stay has been issued in this case.

"Summary Judgement" that was docketed as a motion for summary judgment. (ECF No. 38.)

Under the Prison Litigation Reform Act of 1996, the Court must dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Plaintiff's complaint in this case is duplicative of a civil rights complaint that was docketed in the United States District Court for the Western District of Michigan on February 22, 2024. *See Martin v. Mich. Dep't of Corr.*, No. 1:24-cv-00174 (W.D. Mich.). Federal courts disfavor

duplicative litigation and generally require a plaintiff to bring all claims arising from a common set of facts in a single lawsuit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). A legal action is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citation omitted). Although complaints may not "significantly differ," *id.*, they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("perceiv[ing] no abuse of the district court's discretion in dismissing th[e] case as duplicative of [the plaintiff's] prior litigation," given that the complaint "repeat[ed] the same factual allegations that he asserted in his earlier case, although he successively sued different defendants"). To be duplicative, "one [lawsuit] must be materially on all fours with the other. . . . [T]he issues must have such an identity that a determination in one action leaves little or nothing to be determined in

the other." *Smith*, 129 F.3d at 361 (first alteration added) (internal quotation marks and citations omitted).

"The Sixth Circuit Court of Appeals [and numerous other Circuits] ha[ve] held that a district court may dismiss as frivolous [or malicious] under § 1915(e) a case that is duplicative of an earlier-filed action." *Nichols v. Kaure*, No. 23-12286, 2024 WL 100098, at *2 (E.D. Mich. Jan. 9, 2024) (citing *Shelton v. Escobedo*, No. 1:11-CV-13401, No. 1:11-CV-13602, No. 1:11-CV-13984, No. 1:11-CV-14020, No. 1:11-CV-13601, 2011 WL 6755117, at *1 (E.D. Mich. Dec. 23, 2011); *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997); *Bailey*, 846 F.2d at 1021; *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981))); *see Hudson v. Hood*, No. 17-1455, 2018 WL 5294849, at *1 (6th Cir. Aug. 28, 2018) ("A duplicative action is subject to dismissal for frivolity or malice under § 1915(e)." (citing *McWilliams*, 121 F.3d at 575; *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021)); *Belser v. Washington*, No. 16-2634, 2017 WL 5664908, at *2 (6th Cir. Sept. 13, 2017) ("A duplicative action is . . . subject to dismissal for frivolity under § 1915(e)." (citing

*McWilliams*, 121 F.3d at 574; *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021)); *McWilliams*, 121 F.3d at 574 ("'[R]epetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious." (quoting *Bailey*, 846 F.2d at 1021; citing *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996))); *Cato*, 70 F.3d at 1105 n.2 ("There is no abuse of discretion where a district court dismisses under § 1915([e]) a complaint 'that merely repeats pending or previously litigated claims.'" (quoting *Bailey*, 846 F.2d at 1021; citing *Denton*, 504 U.S. at 30)); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (agreeing with the district court "that it is 'malicious' [under § 1915(e)] for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"); *Bailey*, 846 F.2d at 1021 (affirming the dismissal under § 1915(e) of a prisoner's civil rights case as duplicative of his prior litigation).

In this case, the complaint is practically identical to the complaint initially filed by Plaintiff in the Western District of Michigan in Case No. 1:24-cv-00174 (W.D. Mich.). The vast majority of the pages in the complaint in this case appear to be a photocopy of the original complaint previously filed in the Western District of Michigan case. In

8

fact, the first page of the complaint filed in this case—like the first page of the complaint filed in the Western District of Michigan case—says "United States District Court for the Western District of Michigan." (Case No. 24-cv-10551, ECF No. 1, PageID.1; Case No. 1:24-cv-00174, ECF No. 1, PageID.1.) Moreover, both complaints name the same Defendants. (Case No. 24-cv-10551, ECF No. 1, PageID.2–9; Case No. 1:24-cv-00174, ECF No. 1, PageID.2–9.) The requests for relief in the two complaints are indistinguishable (except for the fact that the pages appear in a different order). (Case No. 24-cv-10551, ECF No. 1, PageID.65–69; Case No. 1:24-cv-00174, ECF No. 1, PageID.65–69.)

When faced with a duplicative suit, it is within a federal court's discretion to stay or dismiss the suit before it, to allow both federal cases to proceed, or to enjoin the parties from proceeding in the other suit. *See Smith*, 129 F.3d at 361. Here, the Court concludes that Plaintiff's complaint is duplicative of the complaint he previously filed in the Western District of Michigan in Case No. 1:24-cv-00174 (W.D. Mich.). Because the complaint in this case is essentially a photocopy of the prior complaint, the complaint before the Court is "materially on all fours with" the complaint filed in the Western District of Michigan. *See*

*Belser*, 2017 WL 5664908, at *2 (finding that the plaintiff's October 2016 complaint was "materially on all fours with" his September 2016 complaint because the later complaint was a photocopy of the earlier complaint). The complaint in this case is thus duplicative. The Court will not entertain a duplicative complaint. Therefore, the complaint is dismissed without prejudice as duplicative and as frivolous or malicious. *See Hudson*, 2018 WL 5294849, at *1 ("[The plaintiff's] 2017 complaint is 'materially on all fours with' his 2013 complaint, and the district court therefore properly dismissed his 2017 complaint as frivolous or malicious" under § 1915(e). (citing *Smith*, 129 F.3d at 361; *McWilliams*, 121 F.3d at 575; *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021)); *Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000) ("The district court properly dismissed the case at bar because it was duplicative of the earlier action."); *Belser*, 2017 WL 5664908, at *2 ("The district court did not err in dismissing [the plaintiff's photocopied] complaint as duplicative" and "as frivolous pursuant to § 1915(e)(2)(B)(i)." (internal citations omitted)); *Nichols*, 2024 WL 100098, at *2 (dismissing as frivolous the plaintiff's duplicative complaint); *Julian-Bey v. Whitmer*, No. 4:23-cv-10445, 2023 WL

4712030, at *1 (E.D. Mich. July 24, 2023) (dismissing without prejudice a prisoner's civil rights complaint "for being duplicative of a previously filed civil rights complaint"); *Belser v. Evans*, No. 16-13934, 2016 WL 7337260, at *2 (E.D. Mich. Dec. 19, 2016) ("conclud[ing] that the complaint is duplicative of Plaintiff's complaint in case number 16-12792 and can be dismissed as frivolous or malicious under 28 U.S.C. §[§] 1915(e)(2)(B) and 1915A(b)"); *Childress v. Cole*, No. 2:10-CV-14821, 2011 WL 163429, at *3 (E.D. Mich. Jan. 19, 2011) (refusing to "entertain duplicative or similar claims in two different cases" and therefore dismissing those claims without prejudice); *Scott v. Burress*, No. 2:09-10916, 2009 WL 891695, at *1 (E.D. Mich. Mar. 31, 2009) ("Plaintiff's complaint is frivolous and subject to dismissal [under § 1915(e)(2)(B)], because it is duplicative of his previously dismissed civil rights complaint." (citing *McWilliams*, 121 F.3d at 575)); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, *7 (E.D. Mich. July 31, 2006) (dismissing the complaint under §§ 1915(e) and 1915A "on the grounds that it is repetitive, malicious and frivolous" (citing *Bailey*, 846 F.2d at 1021; *Cato*, 70 F.3d at 1105 n.2)). Indeed, another complaint filed by Plaintiff in the Western District of Michigan was dismissed as

11

duplicative of the complaint filed in Case No. 1:24-cv-00174 (W.D. Mich.). *See Martin v. Mich. Dep't of Corr.*, No. 1:24-cv-00206 (W.D. Mich. Mar. 18, 2024) (dismissing Plaintiff's complaint "on the grounds that it is wholly duplicative [of Plaintiff's prior complaint in Case No. 1:24-cv-00174] and, therefore, legally frivolous . . . under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)").

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's complaint. (ECF No. 1.) *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court makes no determination as to the merits of Plaintiff's claims. This case is closed.

Given that the complaint is dismissed, the Court DENIES AS MOOT Plaintiff's motion to lift the stay (ECF No. 36) and Plaintiff's motion for summary judgment. (ECF No. 38.)

Lastly, the Court concludes that an appeal from this decision would be frivolous such that it cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: September 8, 2025          s/Judith E. Levy
     Ann Arbor, Michigan          JUDITH E. LEVY
                                         United States District Judge

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 8, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager